IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTONIO ANDRES GARCIA #01052874 | § | |
| VS. | § | CIVIL ACTION NO. 6:24-157 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Antonio Andres Garcia, a prisoner of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed this action on a form petition for habeas relief under 28 U.S.C. § 2254 to challenge this Court's handling of one of his recent his civil rights lawsuits. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be dismissed with prejudice as frivolous, and that Petitioner be denied a certificate of appealability *sua sponte*. Because this is one of at least four such frivolous "habeas" petitions Petitioner has filed in the last two weeks to complain about this Court's handling of his civil rights cases, the undersigned recommends that the Court impose restrictions on Petitioner's ability to file future Section 2254 petitions.

**I. The Petition and Relevant Background**

Within the last six months, Petitioner has filed several civil rights lawsuits pursuant to 42 U.S.C. § 1983, all of which have been dismissed by this Court as frivolous or for failure to state a claim. *Garcia v. Unknown Staff*, No. 6:23-585 (E.D. Tex. Apr. 25, 2024) (dismissing with prejudice for failure to state a claim); *Garcia v. US Government*, No. 6:23-619 (E.D. Tex. Mar.

22, 2024) (dismissing with prejudice as frivolous and for failure to state a claim); *Garcia v. Director*, No. 6:23-586 (E.D. Tex. Feb. 26, 2024) (dismissing with prejudice for failure to state a claim). Unsatisfied with the Court's rulings in those cases, Petitioner has now filed a total of at least nine notices of appeal and five substantive post-judgment motions between them.

Petitioner has also begun filing "habeas" petitions to challenge the Court's handling of his civil rights cases. In this case, he identifies this Court as the court that entered the judgment he challenges, marking through the "of conviction" language on the form Section 2254 petition because he is not challenging a criminal conviction. (Dkt. #1 at 1.) He asserts that the judgment being challenged is that entered in *Garcia v. Director*, No. 6:23-586, and indicates that he challenges every order entered in the case. (*Id.*) The body of the petition is rambling and inarticulate, but it generally alleges that the Court's rulings were improper, violated court rules, and constituted cruel and unusual punishment and a violation of due process. The relief he seeks includes the transfer of the underlying civil rights action to another district court and payment/refund of all his filing fees. (*Id.* at 7.)

Petitioner has filed three other such "petitions" in the past two weeks. *See* Petition, *Garcia v. Director*, No. 6:24-158 (E.D. Tex. Apr. 29, 2024); Petition, *Garcia v. Director*, No. 6:24-149 (E.D. Tex. Apr. 24, 2024); Petition, *Garcia v. Director*, No. 6:24-146 (E.D. Tex. Apr. 22, 2024). Reports and Recommendations to dismiss the first two filings as frivolous are pending.

**II. Standard of Review**

The Rules Governing Section 2254 cases require the Court to "promptly examine" any petition for writ of habeas corpus and to dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Habeas Rule 4. The federal writ of habeas corpus is available only when an inmate in custody on a state conviction

establishes "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The role of federal courts in reviewing habeas petitions filed by state prisoners is thus exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). Pro se habeas petitions are construed liberally and "are not held to the same stringent and rigorous standards as are pleadings filed by lawyers." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019).

### III. Discussion and Analysis

State prisoners may seek federal habeas relief pursuant to 28 U.S.C. § 2254 to collaterally attack an existing state court conviction and sentence. *See*, *e.g.*, *Prieser v. Rodriguez*, 411 U.S. 475 (1973) (recognizing that the specific remedy found in 28 U.S.C. § 2254 is recognized as the exclusive avenue for challenging the legality of a state court conviction). Petitioner here does not challenge his criminal conviction or the sentence he is serving. Instead, he alleges legal error by this Court in an unrelated civil rights lawsuit, which is well outside the scope of Section 2254.

Plaintiff has thus not identified a constitutional or other federal violation affecting the fact or length of his imprisonment, which is fatal to his habeas petition and could not be overcome by amendment. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Specifically, relief under Section 2254 is available to a

state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). On its face, the petition in this case fails to make such a claim. The Court should therefore deny Petitioner's requested relief and dismiss his petition as frivolous.

## IV. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability (COA) from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the

4

district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Petitioner has failed to present a substantial showing of a denial of a constitutional right regarding his conviction or sentence, and he has failed to establish that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed as frivolous, with prejudice. It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Petitioner has demonstrated a pattern of engaging in frivolous and abusive litigation, including filing fraudulent Section 2254 petitions to re-argue his civil rights cases. In light of his three dismissed civil rights cases, it is likely that the bar of 28 U.S.C. § 1915(g) will incentivize him to continue abusing the habeas process in this manner unless the Court acts to prevent him from doing so. Accordingly, the undersigned recommends that the Court bar Petitioner from filing any further Section 2254 petitions that are not accompanied by the $5 filing fee and a cover page on which he clearly identifies the state court criminal judgment (including county, date, case number, and crime of conviction) or TDCJ disciplinary conviction (including unit, date, disciplinary number, and offense of conviction) he wishes to challenge. As Petitioner's life sentence for capital murder was imposed in 2001 in Guadalupe County, Texas, which is outside

this Court's venue, and his federal petition for writ of habeas corpus challenging that conviction was dismissed as untimely in 2005, *see Garcia v. Dretke*, No. 5:05-173 (W.D. Tex. Mar. 30, 2005), this restriction is not expected to have any bearing on Petitioner's ability to raise any potentially meritorious challenge to his criminal conviction or sentence. Furthermore, as Petitioner is ineligible for release on mandatory supervision because of his murder conviction, and therefore has no constitutional interest in sentence credits, it is unlikely that the sanction would impact any potentially meritorious challenge to a disciplinary conviction. It will, however, alleviate the significant burden to the Court and its staff entailed in docketing and disposing of his sham habeas petitions. Such a restriction is thus narrowly tailored to place the least burden on Petitioner while serving the Court's interest in preserving judicial resources and curbing frivolous litigation.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 2nd day of May, 2024.**

6

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE