IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ANTONIO ANDRES GARCIA, #01052874, <br><br> Petitioner, <br><br> v. <br><br> DIRECTOR, TDCJ-CID, <br><br> Respondent. | § § § § § § § § § § § § |

Case No. 6:24-cv-157-JDK-JDL

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Antonio Andres Garcia, a Texas Department of Criminal Justice prisoner proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to complain about this Court's handling of his previous civil rights lawsuit. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On May 2, 2024, Judge Love issued a Report recommending that the petition be denied, that this action be dismissed with prejudice as frivolous, and that a certificate of appealability be denied. Docket No. 3. The Magistrate Judge further recommended that the Court bar Petitioner from filing additional Section 2254 petitions that are not accompanied by the $5 fee and a cover page clearly identifying the criminal or disciplinary conviction he seeks to challenge. *Id.* at 5. Petitioner filed written objections. Docket No. 5.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

The Magistrate Judge recommends dismissal because Petitioner's allegations of mishandling civil litigation do not implicate the validity of the fact or length of his incarceration and thus does not raise any viable claim under Section 2254. Petitioner's objection expresses a great deal of dissatisfaction with the recommended outcome, but he does not dispute that the claims raised in this action have nothing to do with his criminal conviction or sentence. Rather, he characterizes his action as a "2254 appeal" of his civil case and says "I claimed this from the jump[;] it is a civil appeal." Docket No. 5 at 2. But a habeas petition under Section 2254 is not a substitute for an appeal in a civil matter. A writ of habeas corpus is an extraordinary remedy available to a prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, dismissal of this action as frivolous is appropriate.

Petitioner also objects to the limitation recommended by the Magistrate Judge on his ability to file future habeas petitions. As basis for the restriction, the Magistrate Judge observed that Petitioner has recently had three civil rights lawsuits

dismissed as frivolous or for failure to state a claim and that he has already filed four professed habeas petitions, including this one, to challenge this Court's handling of those civil rights cases. Docket No. 3 at 1–2. The Magistrate Judge anticipates that Petitioner will have even more incentive to continue this abuse of the habeas process now that he is barred by 28 U.S.C. § 1915(g) from filing additional civil rights complaints or appeals without full payment of the filing fee. *Id.* at 5. And the proposed limitation is simply that all further Section 2254 petitions from Petitioner must be accompanied by the $5 filing fee and a cover letter clearly indicating the state court judgment or prison disciplinary conviction being challenged. *Id.*

Petitioner responds to that recommendation by asserting "I've done nothing wrong" and making unsupported and scurrilous allegations of theft and abuse by the Magistrate Judge. Docket No. 5 at 1–2. Petitioner's position has no merit. Further, he does not identify any reason the proposed restrictions would be particularly onerous or unjust, and his continued insistence that his abusive filings are proper simply confirm the Magistrate Judge's expectation that he intends to continue them if the Court does not act to stop him. Further, as explained by the Magistrate Judge, Petitioner could bring no timely habeas challenge to his 2001 murder conviction in this Court, and his ineligibility for mandatory supervised release makes any viable challenge to a disciplinary punishment unlikely. Docket No. 3 at 5–6.

A district court "retains the inherent authority to curb abusive litigation." *Roy v. Ass'n Comm. to Elect Rev Dr. Kamal K. Roy*, No. 3-08-CV-327-N, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008); *see also In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)

3

(explaining that courts retain "the power to levy sanctions in response to abusive litigation practices"). The Court finds the proposed limitations to be both minimally restrictive and necessary to prevent further waste of judicial resources on Petitioner's frivolous and abusive habeas filings.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 5) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 3) as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice.

The Clerk of Court SHALL REFUSE any further habeas petitions from Petitioner that are not accompanied by the full filing fee and a one-page cover sheet on which he clearly identifies the state court criminal judgment (including county, date, case number, and crime of conviction) or TDCJ disciplinary conviction (including unit, date, disciplinary number, and offense of conviction) he wishes to challenge. The Petitioner is cautioned that efforts to circumvent this restriction will be met with additional sanctions.

Further, the Court **DENIES** a certificate of appealability. Any pending motions are **DENIED** as moot.

**So ordered and signed on this**
**May 29, 2024**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE